I agree with the holding of the majority that the guaranty agreement itself gave Merchants National the legal right to set-off funds in Mrs. Pate's checking account against the debt of the Pate Foundation. However, this right of set-off is not dependent upon the fact that the bank was granted a security interest in checking or deposit accounts. The prerequisites as to the right of a bank to set-off funds of a debtor on deposit in the bank has been set out in Kaufman v. First National Bankof Opp, 493 F.2d 1070 (5th Cir. 1974):
 "The right of the bank exists only where with respect to both debt and deposit the bank and the depositor are in debtor-creditor relationship, and there must be mutuality of demands. . . . The debts must be between the same parties and in the same `right' or capacity, so that, for example, the bank (having notice of the character of the deposit) cannot set-off against a depositor's individual debt a deposit made by him in his capacity as a public officer or as executor or administrator."
493 F.2d at 1072. In King v. Porter, 230 Ala. 112, 160 So. 101
(1935), this Court considered a note which stipulated that the bank was "authorized to apply . . . to the payment of this note or notes, any funds in said bank belonging to the maker, surety, endorser, guarantor. . . ." Our decisions clearly recognize the common law right of set-off which exists apart from the language of the note. See King v. Porter, supra, and authorities cited therein.
ADAMS, J., concurs.